MILLER *v.* MISSOURI PACIFIC RAILROAD COMPANY,
THOMPSON, TRUSTEE.

4-7463                                         183 S. W. 2d 289

Opinion delivered November 13, 1944.

*I. S. Simmons* and *D. L. Grace,* for appellant.

*Hugh Bland* and *T. B. Pryor, Jr.,* for appellee.

McHANEY, J. Appellant brought this action to recover "damages for a personal injury caused by the negligence of the defendants named herein, at a point where the state highway No. 271 crosses the railroad tracks of the Missouri Pacific Railway Company." Appellant's abstract. In addition to said railroad company and its trustee, a number of other parties were jointly sued, it being alleged that they had erected large sign boards along the right-of-way which obstructed the view to the crossing. To an amended complaint appellees, or some of them, filed demurrers, which were sustained. Appellant refused to plead further and his complaint was dismissed. This appeal followed.

Appellees move to affirm the judgment for failure of appellant to abstract the amended complaint and we think this motion is well taken. In order for this court

to determine whether the complaint states a cause of action and whether the trial court erred in sustaining a demurrer to it, the appellant should either set out the complaint in full in his abstract or state fully the substance of it therein. We cannot tell from appellant's abstract whether he was injured on appellee's crossing by the operation of a train, or just how he was injured. In his abstract he states that the original and amended complaint are fully set out in the transcript and he knows of no way of abridging them or making them shorter than they appear in the transcript. He says: "We, therefore, call the court's attention first to the entire amended complaint. Second, to paragraph 9, paragraph 10, paragraph 11, paragraph 12 and paragraph 13, which is to be found on pp. 12, 13 and 14 of the transcript of record. We also call the court's attention to paragraph 14 of the amended complaint (Tr. p. 15), also paragraphs 15, 16 and 17 (Tr. of Record, pp. 16 and 17)."

But nowhere does appellant either set out these paragraphs that he calls the court's attention to or state the substance thereof. There is only one transcript and there are seven judges of this court, and in order that all may be able to pass upon the sufficiency of the complaint, it is necessary that it be copied in full or fully abstracted. Manifestly, the transcript cannot be passed around to all the judges, and Rule 9 was adopted to conserve the time of the court and to facilitate its business. We have often said that we are not required to and will not explore the transcript. Particularly is this true where the sufficiency of the complaint is brought in question by a demurrer interposed and sustained. This cannot be done by a meager or insufficient abstract, one that does not even let the court know what the lawsuit is about, or how the accident happened.

The judgment is accordingly affirmed.

McFADDIN, J., dissents.